Gault *et al. vs.* Wallis.

---

JOSEPH GAULT *et al.*, plaintiffs in error, *vs.* H. B. WALLIS, defendant in error.

1. The act of 1811, which provides that where a defendant is discharged by a magistrate for the want of sufficient cause of commitment, such magistrate may, in his discretion, direct the costs to be paid by the prosecutor, though not embodied in the Code, not being inconsistent with any of the provisions thereof, is still of force.
2. A judicial officer acting within the jurisdiction conferred upon him by law, is not liable for errors of judgment, unless the result of malice or corruption.
3. It is competent for the superior court, upon the final decision of a case carried up by writ of *certiorari*, to direct the magistrate to refund the costs paid by the petitioner. Such magistrate, though insolvent, may be compelled to perform his official duty.
4. Courts of equity have no jurisdiction to interfere with the administration of the criminal laws of the state by injunction or otherwise.

Criminal law. Costs. Judge. *Certiorari.* Equity. Before Judge KNIGHT. Cobb Superior Court. March Adjourned Term, 1874.

For the facts of this case, see the decision.

W. T. WINN; W. D. ANDERSON, for plaintiffs in error

H. A. DUNWOODY; C. D. PHILLIPS, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants; praying for an injunction to restrain the defendants from the collection of two cost *fi. fas.* The injunction prayed for was granted, and when the cause came on for trial the defend-

ants made a motion to dismiss the complainant's bill because the allegations contained therein did not entitle the complainant to any relief by the decree of a court of equity, which motion the court overruled, and the defendants excepted. It appears from the allegations in the bill that the defendant, Gault, was a justice of the peace, and the defendant, Wilson, was his constable; that the complainant had applied to Gault for a warrant against Bell and wife, charging them with keeping and maintaining an ill-governed and disorderly house, which was duly issued by the justice, the parties arrested and brought before him. The ground of complaint made in the bill against the justice is, that on the hearing of the charge made by the complainant against Bell and wife, although there was sufficient evidence that they did keep and maintain an ill-governed and disorderly house, justice Gault refused to bind them over to appear at the superior court to answer said charge, but, on the contrary, dismissed the complaint and entered up a judgment against the complainant for the costs in the case, issued an execution and placed the same in the hands of the constable for collection. The complainant also alleges that he sued out another warrant against Bell, alone, for a trespass in taking and carrying away a number of plank from the house and possession of complainant, of the value of $2 00, more or less, without authority and contrary to law, and that justice Gault continued the last mentioned case on his own motion, for the purpose of procuring two other justices to sit with him on the trial thereof, but failed to do so, and finally dismissed said case and entered up judgment against the complainant for $6 00 costs in that case, in violation of the laws of the state, and issued an execution therefor and placed the same in the hands of Wilson, the constable, all of which actings and doings of justice Gault the complainant alleges were illegal and void; that justice Gault and his constable are both insolvent, and therefore prays that they may be perpetually enjoined from collecting the illegal costs aforesaid.

1. By the 10th section of the act of 1811, (Cobb's Digest,

644,) it is declared, that "where any person or persons charged with any offense, and brought before a justice or justices of the peace, shall be discharged for want of sufficient cause of commitment, the justice or justices may, in his or their discretion, discharge the party with costs, or direct the costs to be paid by the prosecutor." Although this section of the act of 1811 is not embodied in the Code, it is not *inconsistent* with any provision thereof, and is therefore of force as a part of the law of this state.

2. As a general rule, a justice of the peace is not liable for errors of judgment when acting within the jurisdiction conferred upon him by law. The complainant does not allege in his bill that justice Gault acted *maliciously* or *corruptly* in rendering the judgments complained of. If he committed error in rendering the judgments complained of, that error might have been corrected by a writ of *certiorari* to the superior court.

3. But it is said that if the complainant had sued out a *certiorari* he would have had to pay the cost, and the justice being insolvent, he could not have recovered it back if the *certiorari* had been sustained. The reply is, that although he might not have been able to have recovered the costs by an execution against the property of the justice, still the costs would have been in the hands of the justice, not as his private property, but held by him in his official capacity to abide the decision of the court upon the *certiorari,* and as there was nothing but the costs involved, it would have been competent for the superior court, under the 4067th section of the Code, to have made a final decision of the case, and to have ordered the justice to have restored the costs in his hands to the plaintiff in *certiorari.* It does not necessarily follow that because a justice of the peace is insolvent, that he cannot be compelled by the judgment of the superior court to perform his official duty, and be compelled to obey the orders of that court.

4. This was a proceeding under the criminal law of the state, and we know of no principle of equity jurisprudence which confers upon a court of equity jurisdiction to interfere

with the administration of the criminal laws of the state by injunction or otherwise. For a court of equity to assume jurisdiction in criminal cases, and enjoin the judgments of the courts would be a novel and dangerous precedent to establish. In our judgment, the motion to dismiss the complainant's bill for want of jurisdiction should have been allowed.

Let the judgment of the court below be reversed.