### ABRAMS *vs.* LANG, SONS *et al.*

[This case was argued at the last term and the decision reserved.]

Where an appeal from a justice court to the superior court is tried, and results in favor of the appellant, the legal costs paid by him on entering the appeal are a part of the costs for which judgment is to be rendered against the adverse party.  The superior court has no power to order the justice of the peace, by rule or otherwise, to re-fund.    In entering an appeal, the legal costs have to be *paid*, not merely deposited.

Justice Court.    Appeals.    Costs.    Before Judge TOMP-KINS.    Chatham Superior Court.    November Term, 1876.

Reported in the opinion.

A. P. & S. B. ADAMS; P. W. MELDRIM, for plaintiff in error.

WM. GRAYSON MANN, by L. H. DEMONTMOLLIN, for de-fendants.

BLECKLEY, Judge.

A case in a justice court, (commenced by attachment), was tried, and judgment was rendered in favor of the plain-tiff in attachment for over fifty dollars.   Defendants in at-tachment thereupon appealed to the superior court, pay-ing up the costs as required by section 3616 of the Code. This payment was made to the presiding justice of the peace.   When the appeal was tried in the superior court,

the plaintiff in attachment was cast in his suit, judgment was thereupon rendered in favor of the defendants for costs; and it was further ordered that all costs paid by them in the court below be refunded to them by that court. A certified copy of this judgment and order was served upon the justice of the peace. During the same term, the judge of the superior court granted a rule, requiring the justice of the peace to show cause why he should not be attached for contempt for his failure to make payment of the sum which he had received. The justice answered the rule, setting up among other matters, that there was no authority of law to compel him to refund. The judge heard argument, and then ordered that the justice pay over the money to the clerk of the superior court to await the final determination of this case, and that, thereupon, the rule be discharged. By amendment to the original order in the appeal case, he directed that execution issue in favor of the defendants in attachment against the plaintiff in attachment for all costs in both courts, and that the execution be for the use of the officers of court and the justice of the peace. To the order requiring him to pay over the money to the clerk as a condition of discharging the rule, the justice of the peace excepted; and the legality of that order is now the question for determination.

The Code provides, in section 3616, that, " The appellant (except as hereinafter provided) shall, previous to obtaining such appeal, pay all costs which may have accrued in the case up to the time of entering such appeal, and give bond and security for the eventual condemnation money." And in section 3675, it declares that, " In all civil cases, in any of the courts of this state (except as provided for by this Code), the party who shall discontinue, fail, or be cast in such suit, shall be liable for the costs thereof." These two sections are exhaustive of the statute law applicable to the present case, for none of the exceptions made by either section are at all relevant. When an appeal is entered, the costs are to be *paid*, not merely *deposited*. By the judgment in the pri-

mary court, a lawful debt is established in favor of the offi-cers of that court for their legal costs, and the party appeal-ing is to pay that debt as a condition precedent to entering the appeal. For whose ultimate use, whether his own or that of his adversary, he advances the money is, at the time, uncertain—an uncertainty which is to be cleared up by the final event of the suit in the appellate court. The party who shall "discontinue, fail, or be cast" in the latter court, must in the end take the burden of all the costs. Should the ap-pellant prove to be that party, he has discharged so much of his own proper debt; should his adversary prove to be that party, judgment will go against the latter for the whole costs incurred in both courts, and the appellant's advance, as ultimately appears, having been made for his use, the appel-lant will be reimbursed out of the proceeds of the judgment, when collected. Generally, in a justice court there are fees earned by the constable, as well as by the justice of the peace. Often there are fees due to witnesses. When an ap-peal is entered, all these are costs to be collected. There is no intimation anywhere in the law, that the justice is to with-hold the constable's fees, or the witnesses' fees, or that he is to forbear spending his own fees until after the appeal is de-termined. It is not only his right, but we suppose it to be his duty to distribute the money among those to whom it right-fully belongs, retaining his own share, and paying to his con-stable, and to any other persons interested, their shares re-spectively. He does not become a party to the case in the appellate court, and is not heard there in opposition to a different judgment from that which he has rendered, and un-der which his claim for costs, now paid off, arose. If the law expected him to be affected by the result in the appel-late court, it would most probably open that court to him, and allow him the usual privileges of a party at interest. Moreover, though a wholly different judgment from that rendered by the justice of the peace, be rendered on the trial of the appeal, the latter is no reversal of the former, in any proper legal sense. To reverse a judgment, the judgment

itself must be judged, and not the action merely; a question must be raised between the judgment and the law.  9 *Ga.*, 293.    But on appeal, it is the action that is examined, and not the judgment.    "An appeal to the superior court is a *de novo* investigation.   It brings up the whole record from the court below, and all competent evidence is admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case."   Code, §3627.   It is quite obvious that, with such latitude as to evidence, the judgment appealed from and a directly opposite judgment in the appellate court, might both be free from error—each of them might be absolutely correct on the facts submitted, and the law applicable thereto. For two reasons, therefore, to-wit: first, that the justice of the peace is not a party, and second, that there is *no reversal* of his judgment, no matter how the appeal results, the rule that money paid on a judgment which is afterwards *reversed* (14 *Ga.*, 89,) furnishes no ground for obliging him to refund costs which he rightfully collected when the appeal was entered.    *Certiorari* is a very different proceeding, but even in that, unless prosecuted with direct reference to error in awarding or exacting costs, as in 53 *Ga.*, 675, it is not certain that the magistrate would have to make restitution.

Cited in the argument: 53 *Ga.*, *supra;* 1 Bish. Cr. Pro., §§1036, 1033; Code, §§3266, 3961, 3948, 5090, 246, par. 4, 3675.

Judgment reversed.