## ABRAMS, J. P., *vs.* RYAN.

In a civil case to which the justice of the peace is no party, the costs paid to him as a condition precedent to a writ of *certiorari,* are not recoverable from him by a rule in the superior court, after a rever-. sal of his judgment for mere error.

*Ceritorari.* Costs. Practice in the Superior Court. Judgment. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1878.

Seabrook foreclosed a laborer's lien against Ryan, and a counter-affidavit was filed. The issue thus formed came on for trial before Abrams, a justice of the peace, who rendered judgment for the plaintiff for $16.05 and costs. The defendant paid the costs, $13.70, and notified the magistrate to hold the same subject to the final judgment on *certiorari.* He carried the case by *certiorari* to the superior court, which passed, in substance, the following order : That the error complained of was one purely of law and must finally govern the case, and hence there is no necessity for sending it back for a rehearing ; that the judgment of the magistrate be reversed upon the ground that the lien affidavit was fatally defective in not stating that the affiant was employed by Ryan or his authority ; that defendant recoverer from plaintiff $13.70 costs paid to obtain said *certiorari ;* that execution issue for such costs and also for the costs which

have accrued in the superior court; that the magistrate with whom the costs were deposited to obtain the *certiorari*, return the same or show cause why he refuses to do so.

The magistrate answered, admitting substantially the facts above stated, except he claimed that the costs were not deposited with him but regularly paid to him. No traverse was filed. The rule was made absolute and the magistrate excepted.

R. E. LESTER; J. J. ABRAMS, for plaintiff in error, cited 53 *Ga.*, 675; 60 *Ib.*, 218; Code, §§4065, 4054; 1 Bish. Crim. Prac., 10333, 1036.

J. R. SAUSSY; GEORGE A. MERCER, for defendant, cited Code, §§3675, 3684, 4067, 3627; 53 *Ga.*, 675.

BLECKLEY, Justice.

As in appeal, so in *certiorari*, the costs in a justice court are to be *paid*, not merely deposited. Code, §4054. It is a mistake to analogize the ordinary judgment for costs, in a civil case between party and party, to an illegal judgment for costs in a criminal case. In the former, the justice court has power to render judgment for costs, as incidental to a disposition of the suit. The presiding justice earns his cost by rendering the service required of him, and pronouncing the judgment which he deems correct between the litigants. He does not insure the correctness of his judgment, but discharges his whole duty when he adjudges the matter in controversy to the best of his ability. If the judgment rendered for costs were a usurpation of power, such as adjudging the costs against either party whilst the main case was left still pending in the justice court, then, a correction of it by *certiorari* could be followed by a rule to refund; but the difference between error and usurpation is clear; and that difference will generally serve as a dividing thread to separate those instances in which the justice of the peace can or cannot be required to refund. Where he

is working within the sphere of his powers, though he may work erroneously, he is to be paid; but where he transcends his powers, he exacts payment of costs at his peril, in the event of subsequent reversal on *certiorari*. The distinction in nature between appeal and *certiorari*, which we pointed out in 60 *Ga.*, 218, is sound; but the line of argument which we pursued was unnecessary to the purpose then in hand. We might have said then, as we do now, that the general rule that costs cannot be recovered back from the officers of court, after being legally exacted and paid, is applicable both to appeal and *certiorari*.

Judgment reversed.