THE CHRONICLE AND CONSTITUTIONALIST vs. ROWLAND

An affidavit to obtain an attachment stated as follows: The affiant "on oath says that he is attorney at law in this matter for the Chronicle and Constitutionalist, a corporation chartered under the laws of said state, and that S. C. Giles is indebted to said Chronicle and Constitutionalist, to the best of his knowledge and belief, in the sum of one hundred and seventy-five dollars, with interest from April 12, 1881, and that the said S. C. Giles is not a resident of said state, but resides without the limits thereof:"
*Held*, that the words "to the best of his knowledge and belief" only qualified the statement as to the indebtedness, and did not qualify the other clauses of the affidavit, so as to render it insufficient.
(*a.*) This case differs from those in 60 *Ga.*, 112, and 28 *Id.*, 351.
   Judgment reversed.

   December 4, 1883.

196     SUPREME COURT OF GEORGIA.

Murphy vs. The Tallulah Steam Fire Engine Company No. 3; etc.

BLANDFORD, Justice.

[Under the affidavit set out in the head-note, summons of garnishment was issued and served, and a bond was given to dissolve it. After judgment against the defendant on the bond, he moved to set it aside because of the insufficiency of the affidavit on which the attachment was based. The motion was sustained, and the plaintiff excepted.]