## Loeb vs. Smith Brothers & Company et al.

1. To swear to a petition is to affirm on oath that the matters of fact alleged therein are true. The signature of the witness and the jurat of the magistrate annexed to the petition are sufficient evidence that the oath was taken by the one and administered by the other. A full and formal affidavit is not indispensable to the granting of an attachment by the judge against a fraudulent debtor under sections 3297, 3298 of the code. A petition sworn to is sufficient.

2. In granting an attachment under these sections, the judge may rest his decision on affidavit or on other testimony, but the statute contemplates that the testimony shall be in writing, and not oral. Mere oral testimony cannot be heard or considered.

3. The judge acts judicially in granting the attachment, but ministerially in issuing it. His order granting it should be in writing, just as any other judgment which he is authorized to render, and this order is the proper basis of the attachment, whether issued by himself or another magistrate, or by the clerk. The attachment is not a judgment, but a writ, and for that reason is not self-supporting. With a proper order behind it, the testimony on which the judge acted in granting it is not examinable collaterally, but only by writ of error to his decision, or by application, according to section 3299 of the code, to remove, modify or vacate the attachment. Where, however, no order granting the attachment appears, the affidavit or other testimony stands in place of the order and is examinable whenever and wherever the attachment is sought to be used to affect the rights of the defendant or of third persons. If, when examined, the affidavit or testimony be found sufficient to warrant the grant of an attachment on the petition, the attachment, when issued by the judge himself, will be upheld, notwithstanding the lack of a formal order; but if insufficient, the attachment cannot be sustained unless an order is produced.

4. The petition for attachment need not allege the acts of the debtor in more specific terms than the language of section 3297 of the code, and if a fraudulent sale be alleged, the petition need not allege that the purchaser had knowledge of the debtor's fraudulent intent.

May 9, 1887.

Attachment. Affidavit. Laws. Words and Phrases. Construction. Pleadings. Before Judge Bower. Decatur Superior Court. November Adjourned Term, 1886.

Smith Brothers & Company and H. Myers & Brothers petitioned for attachments, under §3297 of the code. The petition and verification were as follows:

"The petition of Herman Myers, Sigo Myers and Fred. S. Myers, doing business under the firm name and style of H. Myers & Brothers, respectfully shows that Jonas Loeb, a resident of said county, is indebted to them in the sum of three hundred and seventy-six 36-100 dollars; that said Loeb was doing business as a merchant in Bainbridge, Ga., for some time past, and on the 24th day of October, 1885, sold and delivered his stock of goods in his store in Bainbridge to one Henry Kaufman, which stock was liable for the payment of the debts of said Loeb, which sale of said stock was made for the purpose of avoiding the payment of said Loeb's debts; and that said Loeb conceals his property liable for the payment of his debts for the purpose of avoiding the payment of the same. Wherefore your petitioners pray for attachment against the property of said debtor, Jonas Loeb, liable to attachment according to the laws of Georgia.

H. MYERS & BROS., by HENRY BENDHEIM, agt.

HENRY BENDHEIM.

"Sworn to and subscribed before me, this Oct. 26th, 1885, by Henry Bendheim, as agent for said firm.

A. L. TOWNSEND, N. P. & ex-off. J. P."

No order granting an attachment was passed, but the judge of the superior court signed the writ. On the trial, the defendant moved to dismiss the attachments on the following grounds:

(1) "Because plaintiffs fail to allege any particular act of fraud committed or done by defendant in his pretended petition for attachment, but content themselves by simply charging: defendant has placed himself in a condition to be attached, as appears from the petition filed herein."

(2) "Because said pretended petition contains mere conclusions of law and of the pleader, without charging any acts of defendant that amount to fraud, or from which the court could judge as to whether the conclusions therein stated amount to fraud or not, as appears from the petition filed by plaintiffs."

(3) "Because said pretended petition of plaintiffs fails

to charge that the purchaser of Loeb's stock of goods, Henry Kaufman, had any knowledge that the sale was made for the purpose of defrauding his creditors, or for the purpose of hindering or delaying them in the collection of their debts, or for the purpose of avoiding the payment of his debts."

(4) "Because said pretended petition, foundation of plaintiffs' writ of attachment, is not supported, as required by law, by the affidavit of any person as to the truth of its allegations, or any other evidence of record."

(5) "Because it does not appear from the face of the petition of plaintiffs for writ of attachment against defendant that the grounds therein stated were positively sworn to by any one."

(6) "Because it does not appear upon the face of said pretended petition of plaintiffs, either in the recitals or by any oath, as required by law, attached thereto, that Henry Bendheim was the agent of plaintiffs."

(7) Because of the general insufficiency of the allegations in the petition.

The court refused to dismiss the attachments, and the defendant excepted.

DONALDSON & HAWES; GURLEY & TALBERT; D. H. POPE, by HARRISON & PEEPLES, for plaintiff in error, cited, on insufficiency of petition: 34 Wis. 579; Drake At. §§100, 106; Code, §§3297-8; 10 *Ga.* 9; Wade At. §98; 21 Wend. 672; 17 Am. R. 46; 1 Wait's Act. & Def. 417; 14 Wend. 237; 9 Barb. 440; 79 Am. R. 164; 60 *Ga.* 113; 32 Wis. 220; 4 Heisk. 508; 34 Hun, 352.

On insufficiency of affidavit: 71 *Ga.* 859; 72 *Id.* 133; 28 *Id.* 27; 7 Bosw. 643; 77 N. C. 333; 33 O. St. 254; 22 W. Va. 645, 211; 26 *Id.* 221; 5 McLean, 148; 1 Jac. Fish. Dig. 131; 80 Ills. 307; 47 *Ga.* 92; Wade At. §58.

D. A. RUSSELL; GARRARD & MELDRIM, for defendants, cited, on the petition: Code, §3297; Drake At. §§98, 103, 106; Waples At. §§80, 97, 92, 52, 98, 32, 53, note, 57, 85,

27, 108 ; 79 Am. D. 171, note, 166 ; 73 *Ga.* 493; Burrill As. 467; 74 *Ga.* 544.

On the insufficiency of the verification of the petition: Code, §§3297, 3300, 3753; Waples, 81, 85, 84, 103.

Motion too late: 79 Am. D. 165, note ; Waples, 419.

BLECKLEY, Chief Justice.

1. The questions involved in these cases arise upon a statute enacted in 1873, code, §3297 *et seq.*, and prior decisions of this court afford but little light, if any, in solving them. The statute provides that, "Whenever a debtor shall sell or convey or conceal his property liable for the payment of his debts, for the purpose of avoiding the payment of the same, or whenever a debtor shall threaten, or prepare so to do, his creditors may petition the judge of the superior court of the circuit where the debtor resides, if qualified to act, and if not, the judge of any adjoining circuit, fully and distinctly stating his grounds of complaint against such debtor, and praying for an attachment against the property of such debtor liable to attachment, supporting his petition by affidavit, or testimony, if he can control the same."

Here the petition in one of the cases (and this will serve as a specimen) was signed thus: "Henry Benheim, as agent for H. Myers & Bros. Henry Benheim." And opposite to this signature, towards the left hand margin, was the *jurat*, as follows: "Sworn to and subscribed before me, this October 26th, 1885, by Henry Benheim as agent for said firm of H. Myers & Bros. A. L. Townsend, N. P. and *ex-officio* J. P." There was no formal affidavit, but the signature to the petition, and the *jurat*, just quoted, followed immediately after the petition. We think the fair construction of the whole document, taken together, is that the agent swore to the truth of the petition. By the terms, "sworn to," as used in the *jurat*, the magistrate meant to say, and did say with sufficient certainty, that the petition was sworn to; and to swear to an instrument

of writing, such as a petition, is to declare on oath that its contents are true. We cannot doubt that the affiant could be convicted of perjury, in spite of the lack of a formal affidavit, if the contents of this petition were not true. The statute requires the petition to be supported by "affidavit or testimony." It would be no strain upon substance, though perhaps some on form, to hold that a sworn petition is an affidavit; but if not an affidavit, it certainly is "testimony." The important matter is to have the truth of the petition vouched under the usual sanctions, religious and secular, on which the law depends for securing truth and excluding falsehood; in other words, to have the petition verified. To swear to a petition is to affirm on oath that the matters of fact alleged therein are true. The signature of the witness and the *jurat* of the magistrate annexed to the petition, are sufficient evidence that the oath was taken by the one and administered by the other. A full and formal affidavit is not indispensable to the granting of an attachment by the judge against a fraudulent debtor under sections 3297, 3298 of the code. A petition sworn to is sufficient.

2. It will be observed that we are not recognizing in these cases anything as verification but what appears on the face of the papers. The suggestion made in the argument that the "testimony" exacted by the statute might be oral, and not reduced to writing at all, yet be sufficient, is at variance with the whole scheme of the statute as we understand it. In granting an attachment, the judge may rest his decision on affidavit or on other testimony, but the statute contemplates that the testimony shall be in writing and not oral. Mere oral testimony cannot be heard or considered.

The attachment may be granted in the absence of the defendment, and without notice to him. How is he to have his writ of error, and make it available, without the evidence is in writing, so that he may know what it was?

3. The judge acts judicially in granting the attachment,

but ministerially in issuing it. His order granting it should be in writing, just as any other judgment which he is authorized to render, and this order is the proper basis of the attachment, whether issued by himself, or another magistrate, or by the clerk. The attachment is not a judgment, but a writ, and for that reason is not self-supporting. With a proper order behind it, the testimony on which the judge acted in granting it is not examinable collaterally, but only by writ of error to his decision, or by application, according to section 3299 of the code, to remove, modify or vacate the attachment. Where, however, no order granting the attachment appears, the affidavit or other testimony stands in place of the order, and is examinable whenever and wherever the attachment is sought to be used to affect the rights of the defendant or of third persons. If, when examined, the affidavit or testimony be found sufficient to warrant the grant of an attachment on the petition, the attachment, when issued by the judge himself, will be upheld, notwithstanding the lack of a formal order; but if insufficient, the attachment cannot be sustained unless an order is produced.

The statute (code, §3298) does not require the judge to issue the attachment, but empowers him to "grant" it, and then it is to be "issued in the usual form, and directed as usual, and shall be executed as existing laws provide, and subject to existing laws as to traverse, replevy, demurrer and other modes of defence." The judge *can* issue it, for he is one of the officers authorized by the general attachment law to issue the writ. Code, §§3265, 3269. But, no doubt, upon his order granting it, any other officer might issue it who can issue an ordinary attachment. So, too, by a special order commanding the clerk to do it, the clerk might issue it, for he is the clerical servant of the judge acting judicially at chambers as well as of the superior court, and it is consonant to all the analogies of practice for the clerk to issue writs and processes based on judicial orders, judgments or decrees, whether ren-

dered in term or in vacation. It would be no more anomalous for him to issue the writ of attachment, in pursuance of the judge's order, than to issue the writ of injunction. Doubtless, without a formal order by the judge granting the attachment, neither the clerk nor any magistrate, save the judge himself, could issue the writ. For even the judge to do it without first passing such an order, is not proper practice, but as such a practice has grown up under the statute, it is sustainable where sufficient evidence to warrant the entry of an order *nunc pro tunc* appears on the face of the papers, but not otherwise. A defective affidavit, no order appearing, is ground for dismissing the attachment. *Brown vs. Massman*, 71 *Ga.* 859. A motion to dismiss is in the nature of a demurrer, and the statute expressly lays open this class of attachments not only to demurrer, but to traverse and all modes of defence applicable to other attachments under existing laws. Code, §§3298, 3300.

The decision of the judge granting or refusing these special attachments is subject to review by writ of error. Code, §3301. This shows conclusively that such decision is regarded as a judgment. It follows that when a regular order granting an attachment has been passed, there is no going behind it to inquire into the evidence which was before the judge when he acted, except by writ of error to his decision, or by a motion to remove, modify or vacate the attachment, as provided for in §3299. Where there is an order, the law does not require any of the evidence on which it was granted, whether that evidence be an affidavit or other testimony, to be set out in the attachment papers. It has to be in writing in order for the judge to consider it, but after it is considered, it may either accompany the attachment when issued, or be filed in the clerk's office for use in case there should be a writ of error sued out, or a motion made to remove, modify or vacate. Indeed, unless it is so combined with the attachment papers as to be inseparable from them, filing it in the clerk's

office is the only appropriate disposition to be made of it.

It may be said that where the order is founded on an affidavit, not to entertain a demurrer to the affidavit by motion to dismiss the attachment is to go counter to the rule laid down in the statute, which exposes these special attachments to demurrer the same as ordinary attachments. But it is to be observed that an ordinary attachment is founded directly on affidavit with no intervening judgment; whereas the special attachment is founded, not on affidavit, but on the judgment embraced in the order. The judgment may be erroneous, but if so, there is another way expressly pointed out to reach the error. Indeed, there is a choice between two other ways. And it is only abiding by the all but universal rule in favor of judgments not to attack them for mere error by going behind them and looking at the evidence on which they were rendered, except in some direct proceeding to reverse or set them aside. The order granting an attachment can itself, like any other judgment, be demurred to as invalid, but it does not vitiate a judgment to commit an error in construing or applying evidence, or by treating insufficient evidence as sufficient. Indeed, a judgment rendered wholly without evidence stands good until reversed in some direct proceeding for the purpose.

We have already said that in the absence of a proper order, there is the same scope for a demurrer, or a motion to dismiss, in one class of attachments as another. And even with an order, there is the same scope for traverse. The defendant may traverse the grounds of the attachment notwithstanding any order that the judge does or can grant. A traverse does not seek to convict the judge of error in granting the attachment, but to show that on the whole facts, without reference to whether they were before the judge or not, the attachment is groundless. The difference is like that between *certiorari* and appeal, which is explained somewhat in *Abrams vs. Lang*, 60 *Ga.* 220, 221.

4. True it is that the statute requires the petitioner to state in the petition for attachment fully and distinctly the grounds of his complaint, and this we think has been done in the cases we are considering. The petition for attachment need not allege the acts of the debtor in more specific terms than the language of section 3297 of the code, and if a fraudulent sale be alleged, the petition need not allege that the purchaser had knowledge of the debtor's fraudulent intent.

Judgment affirmed.