## BATES, KINGSBERY & COMPANY *v.* SHELTON.

*Simmons, C. J.*—A clerk of the superior court has no authority to issue an attachment sued out under the provisions of section 3297 *et seq.* of the code, unless the judge in granting the attachment expressly so directs. Under a special order commanding the clerk to issue the writ he may do so as the clerical servant of the judge, but in the absence of such an order he cannot, there being no provision of law authorizing him to issue writs of this kind. *Loeb* v. *Smith*, 78 *Ga.* 508, 510.

*Judgment affirmed.*

June 12, 1896. By two Justices. Argued at the last term.

Attachment. Before Judge Fish. Stewart superior court. April term, 1895.

Plaintiffs brought their petition against Shelton as a fraudulent debtor, alleging that he had made fraudulent mortgages and a fraudulent sale of all his property liable for the payment of his debts, for the purpose of evading the payment of the same, and especially the payment of his debts due plaintiffs, who were his creditors by account for the purchase money of goods. The petition was presented to the judge of the superior court at chambers, who thereupon passed an order to wit: "Read and considered. It is ordered and adjudged by the court that attachment

do issue in the above stated case as prayed for." An attachment was thereupon issued by the clerk; an attachment bond was given by the plaintiffs, bearing even date with the attachment; and the attachment was levied by the sheriff. Upon the return of the same, defendant demurred thereto for insufficiency. The court ordered that the demurrer be sustained and the attachment be dismissed, on the ground that it was issued by the clerk without an express order by the judge for him to do so. Plaintiffs excepted.

*Clarke, Hooper & Harrison*, for plaintiffs.
*Miller, Wynn & Miller* and *R. F. Watts*, for defendant.