## BLACKWELL *v.* COMPTON & COMPANY.

1. When on application for an attachment under section 4543 of the Civil Code the judge of the superior court himself issues the writ without any previous order directing the same to issue, the affidavit and other evidence upon which the attachment was issued may be inquired into whenever and wherever the attachment is sought to be used to affect the rights of the defendant; and if in such a case it appears at the final hearing that the evidence was insufficient to warrant the issuing of the writ, the judge may, on motion, dismiss the attachment.

2. When portions of the record specified in a bill of exceptions are not transmitted to this court, and it appears from the certificate of the clerk to the record that the omitted portions were not at the date of the certificate on record or of file in his office, and there is no suggestion from counsel that the papers not transmitted have been returned to the clerk's office since the date of his certificate, this court will decide such questions as can be determined on the record transmitted, without passing an order requiring the clerk to certify further in regard to the record in the case.

Submitted May 17,—Decided June 1, 1899.

Attachment. Before Judge Smith. Montgomery superior court. November term, 1898.

*Saffold & Mitchell*, for plaintiff.
*J. E. Wooten*, for defendants.

COBB, J. Blackwell sued out an attachment against John Compton & Company, under section 4543 of the Civil Code. When the case came on for a hearing, the defendant moved to dismiss the attachment, because it appeared that the court had not granted any order directing the attachment to issue; and because there was no sufficient allegation in the petition, or evidence before the judge, to authorize him to issue the attachment. It was contended on the part of the plaintiff that this motion should not be sustained, and that the questions intended to be raised thereby could only be raised upon an application to dissolve the attachment. The court sustained the motion to dismiss the attachment, and the plaintiff excepted. The plain-

tiff in error specifies in the bill of exceptions, as material to a clear understanding of the ruling complained of, the original petition for attachment and all entries thereon, the attachment, and the sheriff's entry of levy. The record sent to this court contains a copy of the writ of attachment issued by the judge, and the entry of levy of the sheriff; the clerk certifying that the same are true and correct copies of the attachment and levy, and further certifying that he is unable to find the original petition for attachment of file in his office, that it does not appear of record in his office, that the same has never to his knowledge been in his possession, and that he is unable to obtain the same from any of the counsel of record in the case. When the case was called in this court there was no suggestion from counsel for plaintiff in error that the petition had been returned to the clerk's office since the transmission of the record to this court.

1. Under the ruling made in the case of *Loeb* v. *Smith,* 78 *Ga.* 504, there was no error in the court's entertaining a motion to dismiss the attachment, as it clearly appears from the bill of exceptions that there was no order of the court directing the attachment to issue.

2. We can not determine whether the facts set up in the petition were sufficient to authorize the issuing of the attachment, as there is no petition in the record, and the clerk certifies that there is none of file in his office. There being no suggestion from counsel for plaintiff in error that since the transmission of the record here the petition has been returned to the clerk's office, it is not, under the law, incumbent upon this court to send to the clerk below any order with reference thereto. In the absence of the petition we are bound to assume that the court committed no error in dismissing the attachment, as it is requisite that the plaintiff in error should show error.

*Judgment affirmed.　　All the Justices concurring.*