### PRICE v. COHEN, SON & COMPANY.

The attachment provided for by the Civil Code, § 4543, may be issued by a judge of the superior court, upon the petition of the creditor, supported by "affidavit, or testimony if he can control the same." It is no ground for dis-missing an attachment issued by the judge, that the only testimony offered in support of the petition is an affidavit attested by a commercial notary pub-lic and signed by one who describes himself as attorney at law for a person other than the one applying for the attachment. If such an affidavit is void as an affidavit verifying the petition, for either of the reasons stated, the judge can consider the same as "testimony," and, if sufficient for this purpose, grant the attachment.

Submitted June 10, — Decided June 30, 1903.

Attachment.　Before Judge Seabrook.　Berrien superior court. October 14, 1902.

F. S. Harrell, for plaintiff in error.　C. W. Fulwood, contra.

COBB, J.　M. Cohen, Son & Company brought a petition pray-ing for the issuance of the attachment provided for by the Civil Code, § 4543, against the property of J. H. Price.　The petition contained averments necessary to authorize the issuance of the at-tachment; and these averments were alleged to be true in an affi-davit attached to the petition, attested by a notary public, and signed by a person who described himself as attorney at law for C. A. Stern & Company.　The attachment was issued by the judge, and at the hearing a motion was made to dismiss it upon the fol-lowing grounds:　(1) because there is no order of the judge di-recting the attachment to issue; (2) because there is no affidavit or other testimony as provided by law upon which to base the at-tachment; (3) because the affidavit is sworn to before a notary public, and such an officer is not authorized to administer oaths for the purpose of issuing attachments; (4) because it does not ap-pear from the affidavit that the attorney who signed it was the attorney for the plaintiffs in the petition for the attachment.　The court overruled the motion to dismiss, and the defendant excepted.

The Civil Code, § 4543, provides that when a debtor shall sell,. convey, or conceal his property liable for the payment of his debts, for the purpose of avoiding the payment of the same, or whenever a debtor shall threaten or prepare to do so, his creditor may petition the judge of the superior court, setting forth fully the grounds of complaint against the debtor, and praying for an attachment, " supporting his petition by affidavit, or testimony if he can control the same." It is not essential that any order should be passed by the judge directing the attachment to issue; but when a petition is filed supported as the statute requires, the judge himself may issue the attachment. Civil Code, § 4545; *Loeb* v. *Smith*, 78 *Ga.* 504, 509; *Gray* v. *Neil*; 86 *Ga.* 188, 191. The Political Code, § 504, provides that commercial notaries public can not " subscribe affidavits" for the purpose of issuing attachments. Attachments issued under the provisions of the Civil Code, § 4543, may be issued upon a petition supported either by an affidavit, or by " testimony." It follows that no affidavit is necessary as a condition precedent to the issuance of such an attachment, but that it may be issued whenever testimony is offered sufficient to show that a proper case has been made for its issuance. Consequently, even if the affidavit in the present case would fail as an affidavit verifying the petition, either for the reason that it was attested by a notary public, or made by one who described himself as attorney for a person other than the petitioning creditor, the judge could look to it as substantiating the averments of the petition, and thus treat the affidavit as "testimony" supporting the petition. The petition made a case within the terms of the statute. It was entirely immaterial by whom the allegations in the petition were supported,. if sufficient testimony was offered to establish their truth. None of the grounds of the motion to dismiss the attachment were meritorious, and the judge properly overruled the motion.

*Judgment affirmed. By five Justices.*