15165. FRIEDMAN *v.* FIRST NATIONAL BANK OF MADISON.

BROYLES, C. J. 1. The petition, upon which the attachment issued, set forth a cause of action, and the court did not err in refusing to dismiss the petition and the attachment upon the oral motion of counsel for the defendant.

(*a*) The allegations of paragraphs 4, 5, 6, 9, and 10 of the petition were relevant and material, and the court did not err in overruling the motion of defendant's counsel to strike them, upon the grounds that they were irrelevant and immaterial and set forth no legal grounds upon which the attachment could issue. Nor were the allegations contained in paragraphs 7 and 8 of the petition so indefinite and defective as to render them subject to the motion to strike.

(*b*) Where an affidavit to obtain an attachment is made by the agent of the party seeking it, the agent may swear that the amount claimed to be due is true to the best of his knowledge and belief. Civil Code (1910), § 5056. See also *Levy* v *Millman,* 7 *Ga.* 167 (1). The instant case differs from that of *Brown* v. *Massman,* 71 *Ga.* 859 (2) (cited and relied upon by counsel for the plaintiff in error), in that the affidavit in that case, which was held to be defective, qualified the *grounds of the attachment,* whereas in the instant case the agent in his affidavit swore positively as to the grounds of the attachment, and qualified only

the statement as to the *amount of the indebtedness*. *Chronicle and Constitutionalist* v. *Rowland*, 72 *Ga.* 195. There is, therefore, no merit in the contention of counsel for the plaintiff in error that the attachment should have been removed because the grounds of the attachment were not positively sworn to in the affidavit of the plaintiff's agent.

2. On an application to remove an attachment granted ex parte under the provisions of section 5088 of the Civil Code of 1910, the judge, in passing upon the facts adduced upon the hearing, is vested with a wide discretion, similar to that which he has in cases of injunctions, and such discretion will not be controlled unless it plainly appears to have been abused. *Falvey* v. *Adamson*, 73 *Ga.* 493 (3).

3. Under the above rulings and the particular facts of this case, this court cannot say, as a matter of law, that the judge abused his discretion in refusing to remove the attachment and ordering it to continue.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 6, 1924.

Attachment; from Morgan superior court—Judge Park.   April 29, 1923.

The petition for attachment was by the First National Bank of Madison against W. Friedman & Brother, a partnership composed of W. Friedman and Phil Friedman, and against the property of W. Friedman individually, and was filed March 26, 1923. In the petition it is alleged: that the partnership operates a mercantile business in the city of Madison, Morgan county, Georgia, that W. Friedman resides in that county, and that Phil Friedman resides in Polk county, Georgia; that the partnership is indebted to the plaintiff on four described promissory notes (copies of which are exhibited), of dates beginning in 1922, and due respectively on March 28, 1923, and on subsequent dates; that these notes were executed by the firm through W. Friedman, for the purpose of evidencing a loan made to the firm by the plaintiff; that subsequently the partnership suffered a loss by fire which destroyed and injured the stock of merchandise in its store-house; that the firm had certain policies of fire insurance on the stock of goods, and that some of the policies were paid to "him" by the companies issuing them, but that there is one policy due to the firm which has not been paid.

Paragraphs 4 to 10 inclusive allege, in substance: (4) The plaintiff made the loan to the partnership because of the existence of the stock of goods, which was of such value as to make the plaintiff feel secure in granting the loan. (5) Since the fire the firm has been operating a business at another store in Madison, conducting what is called a "fire sale," from the stock damaged by fire and

water. (6) The firm is rapidly disposing of all its property in the county of Morgan, the merchandise yet remaining on its shelves is liable for the payment of its debts, and the firm is not replacing the goods by purchasing others in the same amount or values. (7) The insurance policies represent a loss arising from the stock of goods by total destruction by fire or by damage from fire or water, or both, and the goods are liable for payment of the partnership debts. The proceeds of the policies are being concealed by the partnership for the purpose of avoiding payment of its debts. (8) The partnership is concealing its property, consisting of money arising from the sale of its goods in the fire sale, and this is done for the purpose of avoiding payment of its debts. (9) The said W. Friedman, manager of the business, is planning to remove from the limits of this State, and has made several trips into a neighboring State for the purpose of finding a place to locate, and, unless the remedy afforded by a writ of attachment is given to petitioner, petitioner will suffer loss. (10) The said W. Friedman is threatening to convey the said property to certain of his relatives, in payment on what petitioner believes to be fictitious debts, and such threatened conveyance of his property is for the purpose of avoiding the payment by defendant of the debts of the partnership.

It is further alleged: (11) Petitioner attaches hereto the affidavit of T. M. Douglas, cashier of the First National Bank of Madison, setting up the truth of the allegations contained therein. (12) Petitioner appends hereto bond payable to the defendant partnership in double the amount sworn to be due by said partnership to petitioner. The bond has been duly attested and the affidavit of the security has been attached, showing that "he is worth more than the legal exemptions and liens on his property than the amount of the bond." (13) The said sums of indebtedness are not yet due, and before they become due great loss will be suffered by petitioner unless the writ of attachment issues. Wherefore petitioner prays: (1) that this petition for writ of attachment be considered by the court, together with all the exhibits and affidavits attached; (2) that the bond attached hereto be approved as good and sufficient by the court; (3) that the petition for attachment be granted and be issued in the usual form; (4) that summons of garnishment issues upon the attachment and be directed to London & Lancashire Fire Insurance Company; (5) that the clerk of the superior court be

ordered to file this petition, with all entries of service thereon and all levies that may be made thereunder.

In the attached affidavit referred to in the petition the affiant states: that he is the cashier of the First National Bank of Madison; that W. Friedman & Brother are indebted to the said bank in a stated sum; that he is authorized to make this affidavit for the purpose of securing attachment against W. Friedman & Brother, a partnership composed of W. Friedman and Phil Friedman; that the allegations of fact contained in the foregoing petition are true; that he is familiar with the accounts of the First National Bank of Madison, and that "the sum of indebtedness named herein is true to the best of his knowledge and belief."

The petition to remove the attachment was by W. Friedman. It was alleged therein that the indebtedness mentioned in the petition had not matured; the allegations as to fraud and collusion were denied, and it was alleged that Phil Friedman was not at the time of the creation of the indebtedness or thereafter a partner of W. Friedman, and that the business mentioned was conducted by W. Friedman individually under the trade name of W. Friedman & Brother.

The judge, after hearing evidence, passed an order as follows: "The application to remove the attachment in the above-stated case was tried before me . . on April 7, 1923. . . Since said hearing I have carefully examined the records and the principles of law applicable to the facts. While W. Friedman, the applicant to remove the attachment, claims that the firm of W. Friedman & Brother dissolved in April, 1922, by his purchasing the interest of Phil Friedman, yet he continued his business under the name of W. Friedman & Brother and executed the note to the bank as such, and there is no evidence before me that the First National Bank of Madison had any actual knowledge of such dissolution, and, under the law, where a person is held out to the world as the member of a partnership, he is responsible for the debts. See on this the case of *Shapleigh Hardware Co.* v. *McCoy & Son, 23 Ga. App. 265,* and authorities cited therein. Under the testimony of the respondent W. Friedman before me, he admitted that he had been paying money to his brother Phil Friedman, and that he had deposited some of his money in said bank in the month of March, 1923, in the name of his wife. Therefore, under these admissions, taking into consideration the law as contained in sections 5066 and 5088 [of

the Civil Code of 1910], it would be my duty to continue the attachment of the said case, and therefore the application to remove said attachment is denied."

The bill of exceptions was taken first to the Supreme Court, and the case was transferred by that court to the Court of Appeals. 156 *Ga.* 717.

*E. R. Lambert,* for plaintiff in error.

*Williford & Duke,* contra.