## 26392. SEGARS *v.* VIRGINIA-CAROLINA CHEMICAL CORPORATION.

FELTON, J. 1. (*a*) In a fraudulent debtor's attachment under the Code, § 8-401, it is only necessary to allege that the defendant has placed himself in one of the positions fixed in the statute. *Loeb* v. *Smith Brothers Co.*, 78 *Ga.* 504 (3 S. E. 458).

(*b*) It is not necessary to allege insolvency of the defendant, if the other allegations required by the statute appear. Code, § 28-201 (2).

(*c*) It is not requisite to the validity of the attachment that particular property be alleged or pointed out. *Loeb* v. *Smith Brothers Co.*, supra. The demurrer to the petition was properly overruled.

2. On the hearing of a petition for removal of a fraudulent debtor's attachment, where the only ground for the attachment was a verbal threat by the defendant to conceal the property liable for the payment of his debts, it was not error for the court to refuse to remove the attachment without judicially determining whether the defendant was of sound mind at the time of the threat, where the evidence was conflicting on the question.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

FELTON, J., dissents from the judgment, because of the ruling in head-note 2.

DECIDED OCTOBER 28, 1937.

*George L. & Carter Goode,* for plaintiff in error.

*L. P. Webb, Homer W. Gaines,* contra.

FELTON, J., dissenting. I think the judgment in this case is contrary to law, because it shows on its face that the judge did not exercise the discretion required of him by law. It was his duty to consider the evidence introduced for the purpose of showing that the debtor was of unsound mind at the time he allegedly threatened to dispose of his property. If he was of unsound mind at that time, such a threat would not be a valid ground on which to continue the attachment. The facts that he was represented by attorneys, that no issue of insanity was raised, that there was no writ of lunacy before the court, and that no issue of insanity was raised in the pleadings, are utterly immaterial. It was alleged in the petition to remove the attachment that the debtor had not

599

threatened to convey his property. This was sufficient to raise the question as to whether he would be bound by a threat made when he was of unsound mind. It would certainly be fair and proper for the debtor to have a rehearing of the issue when the question could be determined without jeopardizing the rights of the plaintiff in the meantime.