44394. KAZAKOS et al. v. SOTERES.

Argued April 7, 1969—Decided September 4, 1969.

*Wilkinson & Nance, A. Mims Wilkinson, Jr.*, for appellants.
*Aaron Baranan, Ariel V. Conlin*, for appellee.

Quillian, Judge. ■ The appellee contends that regardless of her rights under *Code Ch.* 8-4 (fraudulent debtor attachment), she introduced sufficient proof to show grounds for attachment under *Code Ch.* 8-3 (more specifically *Code* § 8-302, purchase money attachment). This contention is not meritorious.

*Code* § 8-303 provides: "Before process of attachment shall issue under the preceding section, the party seeking the attachment, his agent, or attorney at law shall make affidavit before some person authorized by law to issue attachments." *Code Ann.* § 8-109 contains a listing of the officers before whom the necessary affidavit must be made, and is controlling. In con-

struing this section our courts have held that an attachment issued upon an affidavit administered by a notary public or clerk of court, and not one of the specified judicial officers, was absolutely void. *Falligant v. Blitch*, 19 Ga. App. 675 (1) (91 SE 1057); *Brach & Sons v. Oglesby Grocery Co.*, 33 Ga. App. 481 (2) (127 SE 157); *Lester v. Luttrell*, 106 Ga. App. 574, 576 (127 SE2d 817); *Heard v. National Bank of Illinois*, 114 Ga. 291 (2) (40 SE 266).

In 1968 the law relative to affidavits was amended to include (besides judges of the superior courts, judges of county courts and justices of the peace) judges of the city courts, magistrates, or clerks of any court of record. *Code* § 8-109 as amended, Ga. L. 1968, p. 1013, now reads: "Before process of attachment shall issue, the party seeking the same, his agent, or his attorney at law, shall make an affidavit before some judge of the superior court, judge of the county court, judge of the city court, magistrate, justice of the peace or clerk of any court of record, that the debtor has placed himself in some one of the positions enumerated in this title, and also the amount of the debt claimed to be due." Thus, the law has changed, but notaries public are still excluded. Moreover, they are expressly prohibited from subscribing affidavits for the purpose of issuing attachments by *Code Ann.* § 71-109 (Ga. L. 1947, pp. 1109, 1111). Therefore, the above cited cases are still authority for the proposition that one may swear to an affidavit only before the enumerated officers and, failing this, the affidavit is void.

The record reveals that the affidavit was amended, but there is no showing before whom it was attested. (The amendment to the complaint was attested before a notary public.) However, this is not determinative of the issue. Despite authority to the effect that an amendment to an affidavit may be attested by one not specifically designated in *Code Ann.* § 8-109 (*Penn & Watson v. McGhee*, 6 Ga. App. 631 (2) (65 SE 686); *Hensley v. Minehan*, 29 Ga. App. 251 (4) (114 SE 647)), these cases further point out that this is true only where the original affidavit was sworn to before the proper officer. Any argument as to our policy of liberal allowance of amendment is irrelevant since void proceedings are not amendable. *Worley Bros. Gran-*

*ite Co. v. Haskins,* 105 Ga. App. 444, 448 (124 SE2d 663), and *Orange County Trust Co. v. Estate of Abe Takowsky,* 119 Ga. App. 366 (166 SE2d 913).

Although no specific attack was made on the ground of improper attestation, *Code* § 110-709 provides: "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." See *Riley v. Garrett,* 219 Ga. 345, 353 (4b) (133 SE2d 367). Thus, as a proceeding under *Code* § 8-302 the attachment was utterly void.

2. Having decided that the attachment could not be sustained under *Code* § 8-302, we consider its sufficiency as a fraudulent debtor attachment under *Code Ch.* 8-4 since the rule we discussed in Division 1 relative to affidavits apparently is not applicable in such case. In *Price v. Cohen, Son & Co.,* 118 Ga. 261 (45 SE 225), the court pointed out that what is now *Code* § 8-401 provides that one seeking attachment may support his petition "by affidavit, or testimony if he can control the same." Hence, no affidavit is necessary as a condition precedent to the issuance of such attachment and, if the affidavit was void in its status as an affidavit verifying the petition, the trial judge could consider it as sufficient "testimony" to support the allegations of the petition and grant attachment. *Strother v. Southern States Phosphate &c. Co.,* 33 Ga. App. 314 (125 SE 786).

In order to sustain the attachment the requirements of *Code* § 8-401 must be met, to wit: "Whenever a debtor shall sell, or convey, or conceal his property liable for the payment of his debts, for the purpose of avoiding the payment of the same, or whenever a debtor shall threaten or prepare so to do. . ." *Segars v. Virginia-Carolina Chemical Corp.,* 56 Ga. App. 597 (193 SE 786) ; *Loeb v. Smith Bros. & Co.,* 78 Ga. 504 (3 SE 458).

The only evidence adduced in this regard was as follows. There was testimony that the appellants had failed to make payments on their secured debt and when John Kazakos was asked about such debt in September 1968, he stated he had stock valued at about $42,000 in the store. A witness for the appellee stated he saw the stock in late August and estimated

it to be $32,000 worth; that he told the appellee this in October. When the property was levied upon, appellee's attorney testified there was $23,000 taken and approximately $2,500 in stock left behind (estimated wholesale value). The appellants stated in their affidavit that some $8,000 worth of stock remained. The secured promissory note was for $20,000.

John Kazakos testified his retail inventory was $44,000 in August and $42,000 the end of September. There was also some evidence that appellants had discussed selling their business and had advertised it for sale.

On passing upon the facts adduced upon a hearing to remove an attachment the trial judge is vested with a wide discretion, similar to that in cases of injunction, which will not be controlled unless it plainly appears to have been abused. *Friedman v. First Nat. Bank of Madison*, 31 Ga. App. 742 (2) (122 SE 81); *Dunlap Hardware Co. v. Jay*, 101 Ga. 645, 654 (28 SE 974). However, "fraud may not be presumed (*Code* § 37-706); and while it may be proved by circumstances, it must nevertheless be proved." *Adams v. Higginbotham*, 194 Ga. 292, 295 (21 SE2d 616), and *Watson v. Brown*, 186 Ga. 728, 731 (198 SE 732). Here the testimony of the defendant denying any intent to transfer the property for the purpose of avoiding the debt was perfectly consistent with any circumstantial evidence which might be construed as tending to raise an inference of fraudulent intent. Hence, the evidence was insufficient to show that the defendants were disposing of the property for the purpose of avoiding the payment of their debts (see *Lankford v. Holton*, 187 Ga. 94, 102 (200 SE 243)), and the trial judge erred in overruling the motion to remove the attachment.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*