*G. S. Johnston,* contra, cited: Civil Code, § 4984; *Ga. R.* 33/-146; 39/595-7; 57/245; 100/148; 122/277, 278.

---

## LEFFLER & SON *v.* UNION COMPRESS COMPANY.

1. While a motion in arrest of judgment must be made at the term at which the judgment is rendered, the motion may at a subsequent term be amended by adding new and distinct grounds of attack upon the judgment. To so amend the motion is not to introduce a new cause of action, but simply to amplify the pleadings of the movant by assigning additional reasons why the judgment should be arrested because not supported by the record.

2. Judgment against a garnishee who fails to answer is a judicial sequence of the antecedent garnishment proceedings, and if such proceedings be void on their face, the judgment should be arrested. Where an affidavit for attachment alleged that W. O. Jones was indebted to the plaintiff, and the bond given by the plaintiff was payable to W. O. Jones and recited that the plaintiff was seeking an attachment against

W. O. Jones, and the writ of attachment (which was levied by service of summons of garnishment) issued against "Jones Bros.," the writ of attachment was void because of the variance between the individual described in the affidavit and bond and the firm against which the writ issued; and the judgment against the garnishee was also void.

Argued June 8,—Decided November 10, 1906.

Attachment, etc.   Before Judge Hammond.   Richmond superior court.   December 16, 1905.

*Jacob Gazan, Johnson & Young,* and *Louis Brooks,* for plaintiffs.
*William H. Fleming,* contra.

EVANS, J.   This case makes its appearance here for the third time.   After service upon the Union Compress Company of a summons of garnishment issued upon an attachment affidavit and bond, and after a judgment by default had been entered against that company as garnishee, it duly made a motion in arrest of judgment, which was sustained by the superior court.   Upon review of this decision it was set aside by this court.   *Leffler* v. *Union Compress Co.,* 121 *Ga.* 40.   On the return of the remittitur, but before it was entered in the court below, the garnishee offered a written amendment to its motion in arrest of judgment.   To the refusal of the judge to allow this amendment exception was taken, and this court held that the amendment should have been allowed.   See 122 *Ga.* 640, 644.   When the case subsequently came on to be heard in the trial court, Leffler & Son presented objections to the allowance of the amendment, and also demurred thereto, insisting that the garnishee thereby sought to "add a new cause of action or new ground in arrest of judgment," and that the offer to amend not having been made at the term at which the judgment assailed was rendered, the amendment came too late.   The amendment was nevertheless allowed, whereupon the garnishee presented for the inspection of the court, in support of its amended motion, the original affidavit, bond, and writ of attachment, together with the judgment by default, as the record in the garnishment case.   The plaintiff in attachment urged the objection that these papers did not constitute the entire record in that case, inasmuch as they did not include the original summons of garnishment, which was necessary to a decision on the motion as amended.   The presiding judge then passed an order requiring the garnishee "to make the record complete by filing in court the original summons of garnishment served upon it in said case, or a copy thereof."   To this order exception

was taken by the plaintiff in attachment, on the ground that if the original summons could not be produced, the garnishee should be required to "establish" a copy of it, as in other cases of the loss of any part of a court record. The garnishee undertook to comply with the order of the court by tendering what was represented to be a correct copy of the original summons, together with an affidavit by its agent that the original had not been preserved, and that to the best of his recollection and belief the paper tendered was a true copy of the original summons of garnishment which had been served upon him as the superintendent of the Union Compress Company. Thereupon Leffler & Son presented a traverse to the affidavit and proffered copy of the summons, supported by the affidavit of the magistrate who issued the original summons that the paper tendered was not a true copy of it, and announced ready to try the issue thus raised, if the judge would pass upon it without a jury. His honor declined to do so or to defer the matter to a time, when a jury might be present, stating that even if the original summons was as the plaintiff claimed it to be, he would nevertheless sustain the amended motion in arrest of judgment. He entered up judgment accordingly in favor of the garnishee, and error thereon is assigned, as well as upon the various rulings made against the plaintiff in attachment pending the hearing.

1. The plaintiff in error is concluded upon the proposition that an amendment to a motion in arrest of judgment, setting forth additional reasons why the judgment should be arrested, may be made after the term at which the motion must be presented to the court. See 122 *Ga.* 640(6), 643-4. "The amendment was germane to the purposes of the original motion, which sought to set aside the judgment against the garnishee," and should have been allowed, although the "grounds of the original motion were bad." Id. 644. To add, by way of amendment, new and distinct grounds to a motion in arrest of judgment is not to introduce a different cause of action, but simply to amplify the movant's pleadings by setting forth with greater particularity wherein, as he contends, the record does not support the judgment. The garnishee alleged in its original motion that the judgment against it was void because the fact appeared on the face of the record that the judgment rendered against Jones Bros., as defendants in attachment, was void; by amendment to its motion in arrest, the garnishee insisted that

the record disclosed that the summons of garnishment was void, because issued on an affidavit and bond in which W. O. Jones, as an individual, was stated to be the non-resident debtor of the plaintiff. Pleadings may be amended, as of right, "whether in matter of form or of substance, provided there is enough in the pleadings to amend by" (Civil Code, § 5097); and under the test which our code provides for determining whether or not there is enough to amend by (Id. § 5098), it seems apparent that if the amendment to the original motion in arrest of judgment had been offered at the same term at which the judgment was rendered, no objection to the proffered amendment could have been successfully urged. "It was in time and should have been allowed." This much was distinctly ruled when the case was last before us (122 *Ga.* 641), though the plaintiff in attachment was left free to demur to the amendment on the ground that, as matter of law, the reasons therein assigned why the record did not authorize the entering up of judgment against the garnishee were insufficient.

2. The original motion in arrest of judgment was predicated solely on the ground that the judgment against the defendants in attachment was void for the reasons set out in the motion. In the amendment which was allowed, the judgment against the garnishee was alleged to be void because of a variance between the defendant named in the affidavit and bond and the defendant named in the attachment writ, and because the summons of garnishment called upon the garnishee to answer what it was indebted to the party named in the writ of attachment. The affidavit for attachment alleged that W. O. Jones was indebted to the plaintiffs, the bond given by the plaintiffs was made payable to W. O. Jones and recited that they were seeking an attachment against W. O. Jones, whereas the writ of attachment issued against the firm of Jones Bros.

The attaching creditor must make the affidavit and give the bond as required by the statute. The officer issuing the attachment gets from this source his information as to the person against whom the writ is to be issued. In respect to the person named as defendant in the writ of attachment, there must be a coincidence with the debtor named in the affidavit. While a slight variance might be cured by amendment, yet if the debtor named in the affidavit be entirely different from that named in the writ, the variance is fatal and the attachment is void. Although attachment proceedings

may be amended as at common law, still we know of no authority which would allow an amendment that would have the effect of changing the parties defendant by a substitution of a different person for the one named in the affidavit as the debtor of the plaintiff in attachment. Thus, a suit against A can not be converted into a suit against B, or into a suit against a partnership of which the pleadings do not even disclose A to be a member. The attachment writ issued against Jones Bros., and neither the writ nor the affidavit and bond showed any relation between W. O. Jones and Jones Bros.

As was held when the case was here the first time, the attachment, the summons of garnishment, and the answer of the garnishee (where one is made), and the judgment against the garnishee, constitute the record and pleadings in the garnishment proceedings. The affidavit, bond, and writ together constitute the attachment proceeding. An attachment can be levied either by a seizure of visible property or by garnishment. In attachment cases, the summons of garnishment can only issue after the writ of attachment, and the executing officer derives his power of serving the summons from the attachment writ. Civil Code, §§ 4549, 4529. Service of the summons of garnishment serves the purpose of a levy of the attachment on the funds or property in the hands of the garnishee. Civil Code, § 4534. If the attachment writ be void, then its levy would be of no legal effect, whether the levy be made in the one way or in the other. The judgment against the garnishee who fails to answer follows as a judicial sequence from the antecedent attachment proceedings, and if such proceedings be void, the judgment based thereon is necessarily void. The amendment to the motion attacked the record in the garnishment proceeding as void for the reasons stated, and the truth of the allegations was made apparent by inspection of the record produced by the movant, and the court did not err in sustaining the motion in arrest of judgment.

*Judgment affirmed. All the Justices concur.*