15203.   UNION INVESTMENT CO. *v.* SOUTHERN RAILWAY CO.

STEPHENS, J. 1. The judgment which under the Civil Code (1910), § 5265, may be the basis of the issuance of garnishment proceedings is necessarily a domestic judgment. A summons of garnishment cannot legally issue upon a judgment rendered in a foreign jurisdiction.

2. A judgment against the garnishee in such a case is therefore void, and the levy thereon may be successfully resisted by an affidavit of illegality, alleging such invalidity in the judgment.

3. The above rulings do not deprive the plaintiff in garnishment of any right which he may have under the full faith and credit clause of the Federal constitution, since whatever rights he may have thereunder are fully secured to him under the laws of the State of Georgia which permit a recovery on a foreign judgment by proof of the same in a common-law suit.

4. The judge of the superior court therefore properly overruled the certiorari sued out by the plaintiff in garnishment, who excepted to a judgment of the judge of the municipal court sustaining the affidavit of illegality filed by the garnishee.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 14, 1924.

Certiorari; from Fulton superior court—Judge Humphries. November 30, 1923.

Application for certiorari was denied by the Supreme Court.

*T. L. Lanford, R. R. Jackson,* for plaintiff.

*W. O. Wilson,* for defendant.