### 15202.   SPIELBERGER v. HALL & COMPANY.

JENKINS, P. J.   1.  Assuming that the amendment to the petition for the recovery of real-estate brokerage commissions, filed by the plaintiff in the municipal court of Atlanta, introduced a new cause of action, as permitted by a section of the act establishing that court (Ga. L. 1913, p. 164), the attack upon that section as unconstitutional was, under the ruling of the Supreme Court in this case, insufficiently made, and could not be considered.  *Spielberger* v. *Hall*, 159 *Ga.* 511 (126 S. E. 391).

2.  The exceptions to the answer of the municipal-court judge to the defendant's petition for certiorari, as insufficiently verifying certain allegations of fact set forth in the petition, present no ground for reversal by this court of the judgment of the superior court overruling the certiorari, since it appears from the record that the superior-court judge treated such allegations as properly verified facts.  Likewise, the traverse of that portion of the municipal-court judge's answer relating to the argument of counsel in the municipal court was properly disallowed and overruled by the superior court, upon the grounds, assigned in that judgment, that the language used and sought to be used by counsel in argument does not sufficiently appear in the petition for certiorari and the traverse of the answer thereto, and the assignment of error is not sufficiently definite to show reversible error.

3.  The municipal-court judge certified that "there was no error alleged either on the admission or the exclusion of any testimony;" and the only remaining assignments of error save the general grounds appear to relate to certain instructions in the charge and to a refusal to charge.  The verdict for the plaintiffs being fully authorized by the evidence, and it appearing, from the charge, that the vital contentions of the defendant and the law of the case, as the superior-court judge recites in his judgment, were "submitted clearly and fairly to the jury," and no "harmful error was committed," the judgment overruling the certiorari must be affirmed.

*Judgment affirmed.   Stephens and Bell., JJ., concur.*

DECIDED FEBRUARY 11, 1925.

Certiorari; from Fulton superior · court—Judge Humphries. November 12, 1923.

*Maddox & Maddox,* for plaintiff in error.

*Virlyn B. Moore,* contra.