15727.  BRACH & SONS v. OGLESBY GROCERY COMPANY.

JENKINS, P. J. 1. "A judgment that is void may be attacked in any court, and by anybody. In all other cases judgments can not be impeached collaterally, but must be set aside by the court rendering them." Civil Code (1910), § 5968.

2. Under the general law applicable to courts other than the municipal court of Atlanta, or one as to which the creating act may contain a provision similar to that quoted below, an attachment in accordance with § 5056 of the Civil Code (1910), issued upon an affidavit administered by a commercial notary public, is absolutely void. *Heard* v. *National Bank of Illinois*, 114 *Ga.* 291, 293 (2), 294 (40 S. E. 266); *Bruce* v. *Conyers*, 54 *Ga.* 678; *Falligant* v. *Blitch*, 19 *Ga. App.* 675 (1); Civil Code (1910), § 622.

(a) Section 28 of the act creating the municipal court of Atlanta, however, provides, that "affidavits for attachment and garnishment may be made before any officer authorized by law to administer oaths, *including commercial* notaries public; but all bonds in such proceedings issuing out of said court shall be approved by the clerk of said court, or his deputies, and all attachments and summons of garnishment shall be issued by said clerk or his deputies, and bear test in the name of said court." This section creates an exception to the general law with reference to the attestation of attachment affidavits before commercial notaries, where the attachment writ issues from the municipal court of Atlanta. That it was the legislative intention to make this exception applicable to attachments issued from the municipal court returnable to the superior court, as well as to those returnable to the municipal court itself, ap-

31

pears not only from the general language in the section, "proceedings issuing out of said court," but also from the language of the preceding section 27, "attachments in said court, or returnable to said court."

3. Since the previous judgment was not void, the payment thereof was a good defense to the present action, and the trial judge did not err in so ruling.

4. Constitutional questions not raised by the pleadings nor passed upon in the trial court can not be raised for the first time in the appellate court. *Cooper* v. *Nat. Fertilizer Co.*, 132 *Ga.* 529 (64 S. E. 650). They must have been properly raised, and their mere suggestion and argument in the briefs is insufficient. *Laffitte* v. *Burke*, 113 *Ga.* 1000, 1001 (39 S. E. 433); *Spielberger* v. *Hall*, 159 *Ga.* 511 (126 S. E. 552). But see, in this connection, *Barnard* v. *DuPree*, 149 *Ga.* 796 (102 S. E. 422).

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 12, 1925.

Complaint; from Fulton superior court—Judge Bell.    March 24, 1924.

This suit was upon an open account. The defendant, while admitting previous indebtedness, denied any present liability, and contended that the full amount of the debt was paid by it on a judgment rendered against it in the same court. The case was tried by the judge without a jury, and judgment was rendered in favor of the defendant, upon an agreed statement of facts, from which it appears, that the defendant had in fact paid the judgment mentioned, which was obtained in attachment and garnishment proceedings instituted by a third person against the present plaintiffs as defendants and against the present defendant as garnishee; that only a special judgment against the fund was rendered on the attachment; and that the attachment affidavit was subscribed before a commercial notary public, but the bond was attested by, and the writ, bearing test in the name of the municipal court of Atlanta, was issued by, a deputy clerk of the municipal court, and made returnable to the superior court. The contention of the plaintiffs in the present case is that the payment of the previous judgment did not relieve the present defendant, for the reason that the attachment and the judgment rendered thereon were void, because the affidavit was subscribed before a commercial notary public.

Constitutional questions, with regard to the validity of that part of the act creating the municipal court of Atlanta which empowers commercial notaries to attest attachment affidavits, were suggested and argued in the briefs of counsel in the Court of Appeals, but

the record does not show that they were raised in the court below.

*Anderson, Rountree & Crenshaw,* for plaintiffs.

*Little, Powell, Smith & Goldstein,* for defendant.