**44846. JENKINS v. COMMUNITY LOAN & INVESTMENT CORPORATION OF SAVANNAH.**

EBERHARDT, Judge. 1. Garnishment proceedings are purely statutory and, being in derogation of the common law, must be strictly pursued. *Arnold v. C. & S. Nat. Bank,* 47 Ga. App. 254 (3) (170 SE 316); *Anderson v. Ledbetter-Johnson Contractors,* 62 Ga. App. 732 (2) (9 SE2d 860).

2. It is not lawful for notaries public to issue attachments or garnishments or to subscribe affidavits or approve bonds for the purpose of issuing attachments or garnishments. *Code Ann.* §§ 71-109, 46-102, 8-109; *Thompson v. Reynolds Auto Co.,* 31 Ga. App. 574 (2) (121 SE 528); *Brach & Sons v. Oglesby Grocery Co.,* 33 Ga. App. 481 (2) (127 SE 157).

3. Where garnishment or attachment affidavits are subscribed to before unauthorized persons, the proceedings are void ab initio rendering judgments based thereon likewise void. *Heard v. Nat. Bank of Illinois,* 114 Ga. 291, 293 (40 SE 266); *Thompson v. Reynolds Auto Co.,* 31 Ga. App. 574 (2), supra; *Falligant v. Blitch,* 19 Ga. App. 675 (1) (91 SE 1057); *Brach & Sons v. Oglesby Grocery Co.,* 33 Ga. App. 481 (2), supra. Cf. *Leffler & Son v. Union Compress Co.,* 126 Ga. 662 (2) (55 SE 927).

4. "A judgment void on its face may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods hereinafter prescribed."

CPA § 60 (a) (*Code Ann.* § 81A-160 (a)). The levy under a void judgment against a garnishee may be successfully resisted by an affidavit of illegality, alleging the invalidity in the judgment. *Union Investment Co. v. Southern R. Co.,* 32 Ga. App. 478 (2) (124 SE 77). Cf. *Anderson v. Ledbetter-Johnson Contractors,* 62 Ga. App. 732, supra.

5. In the present case the affidavit for garnishment was subscribed to before a notary public, a default judgment was entered against the garnishee, execution issued, and a levy was made. In response thereto the garnishee filed, inter alia, an affidavit of illegality, alleging the illegality of the proceedings on the grounds that the garnishment affidavit was subscribed to before a notary public. Under the foregoing authorities the garnishment affidavit and subsequent judgment were void, and the levy could be successfully resisted by the affidavit of illegality urging the invalidity in the judgment. The trial court therefore erred in dismissing the affidavit of illegality on the ground that it sought to go behind the judgment rendered against the garnishee, which was void.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED OCTOBER 6, 1969—DECIDED OCTOBER 23, 1969.

*White & Pelham, Wynn Pelham,* for appellant.
*J. Sidney Lanier, Murray C. Underwood,* for appellee.