Robert L. REEVES

v.

MOTOR CONTRACT COMPANY OF GEORGIA and Joe B. Mundy.

Civ. A. No. 14156.

United States District Court,
N. D. Georgia,
Atlanta Division.

March 29, 1971.

—◆—

David G. Crockett, Michael H. Terry, Atlanta, Ga., for plaintiff.

Thomas A. Player, Jr., Atlanta, Ga., John R. McCannon, Hutcheson, Kilpatrick, Watson, Crumbley & Brown, Jonesboro, Ga., Arthur K. Bolton, Atlanta, Ga., for defendant.

Before MORGAN, Circuit Judge, and SMITH and HENDERSON, District Judges.

## PER CURIAM:

██ The plaintiff in this action petitions the court to hold unconstitutional the Georgia garnishment in attachment procedure as violative of his due process, equal protection, and First Amendment rights. Jurisdiction is conferred pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1343(3), 2201 and 2202. A three-judge court was constituted in accordance with 28 U.S.C. §§ 2281 and 2284, inasmuch as plaintiff sought to enjoin the enforcement of a state statute as against himself and the class he represents.

The pertinent facts here reflect that the plaintiff, in 1969, financed the purchase of an automobile through a loan from the defendant, Motor Contract Company of Georgia (hereinafter referred to as "Motor Contract"). Several months thereafter, when the plaintiff defaulted in his payments on the loan, Motor Contract repossessed the vehicle at the plaintiff's place of employment. While there exists some dispute as to the order in which Motor Contract attempted to locate the plaintiff by mail, *i.e.*, whether before or after the repossession, it is apparent that Motor Contract's written attempts in this regard remained unanswered by the plaintiff. On August 11, 1970, the plaintiff's employer notified him that his wages had been garnished through the Civil and Criminal Court of Clayton County, Georgia. After consulting with his present counsel, the plaintiff learned that no action was then pending in the Civil Court of Fulton County, plaintiff's county of residence. As a consequence thereof, plaintiff brought this action for injunctive and declaratory relief from the allegedly unconstitutional application of the Georgia scheme for garnishment under authority of Georgia Code Ann. §§ 46–101, 8–501, et seq., 8–204, 8–205 and 46–402.[1]

## I. GEORGIA CODE ANNOTATED

*46–101. Right to writ; wages exempt until after final judgment.*—In cases where suit shall be pending, or where judgment shall have been obtained, the plaintiff shall be entitled to the process of garnishment under the following regulations: Provided, however, no garnishment shall issue against the daily, weekly or monthly wages of any person residing in this State until after final judgment shall have been had against said defendant: Provided, further, that the wages of a share cropper shall also be exempt from garnishment until after final judgment shall have been had against said share cropper: *Provided, further, that nothing in this section shall be construed as abridging the right of garnishment in attachment before judgment is obtained.* (Act 1822, Cobb, 77. Acts 1855–6, p. 36; 1933, p. 35; 1952, p. 153). (emphasis added).

*8–501. How garnishment in attachment obtained.*—In all cases where attachment may issue, it shall be the duty of the magistrate, or other officer issuing the same, at the request of the plaintiff, his agent, or attorney at law, to issue summons of garnishment, directed to any person that may be indebted to or have property or effects of the defendant in their hands, requiring them to appear at the court to which the attachment is made returnable, then and there to depose on oath what they were indebted to the defendant at the time of the service of said garnishment, or what property or effects of his they have in their hands, or had at the time of the service of said summons of garnishment; and it shall be the duty of the officer levying such attachment to serve such summons of garnishment. (Act 1799, Cobb, 70; Acts 1855–6, p. 28).

*8–502. Situs of debt due by garnishee.*—When a suit is brought by attachment against a nonresident of the State and the attachment is levied by service of summons of garnishment, the situs of

any debt due by the garnishee to the defendant shall be at the residence of the garnishee in this State, and any sum due to the defendant in attachment shall be subject to said attachment; Provided, that the writ of attachment shall not be used to subject wages of persons who reside out of the State, and which have been earned wholly without the State. (Acts 1904, p. 100; 1906, p. 120).

*8-503. Proceedings when garnishee resides out of the county, etc.*—When the plaintiff, his agent, or attorney at law shall desire to garnish persons not residing in the county in which the attachment issues, it shall be the duty of the magistrate issuing the same, at the request of the plaintiff, his agent, or attorney at law, to make out a copy of the affidavit, bond, and attachment, and certify the same to be a true copy, and upon the delivery of such copy to any magistrate, or other officer, to make out a summons of garnishment for such persons as he may be requested to do by the plaintiff, his agent, or attorney at law, requiring such persons to be and appear at the superior or county court, or justice's court, or the county in which it was issued, and depose in the manner prescribed by law. Garnishments returnable hereunder to the superior court shall be answered not sooner than 30 days and not later than 45 days after service of the garnishee of such summons, and garnishments returnable hereunder to the justice's court shall be answered at the next term thereof which begins not less than 10 days after service of such summons. Such summons may be served by any officer authorized by law to levy in attachment, who shall return such certified copy, affidavit, bond and attachment to the court as aforesaid, together with his actings and doings entered thereon. (Act 1823, Cobb, 79. Acts 1855-6, p. 28; 1962, pp. 717, 720).

*8-504. Proceedings when the garnishee admits effects.*—When the garnishee appears and answers that he is indebted to, or has property or effects in his hands belonging to the defendant in attachment, judgment shall be rendered against him in favor of the plaintiff for such acknowledged indebtedness, and the property and effects, whatever they may be, shall be delivered into the hands of the sheriff or constable, as the case may be, and by order of the court shall be by him sold, and the money arising from such sale shall be held subject to the order of the court, and in case the garnishee fails to deliver over such property or effects to the officer as aforesaid, it shall be lawful for the court to attach him as for contempt; the property and effects so surrendered and delivered into the hands of the officer, as aforesaid, shall be sold at such time and place, and after such notice given, as the court ordering the same shall direct. (Act 1830, Cobb, 82; Acts 1855-6, p. 29).

*8-505. Plaintiff may traverse answer of garnishee.*—When the summons of garnishment is returnable to the superior, city or county court, and the plaintiff in attachment is not content with the answer of the garnishee, he may, within 15 days after filing of such answer and service of copy thereon upon said plaintiff or his attorney, by mail or in person, traverse such answer, and the issue formed upon such traverse shall be tried as hereinafter provided. On the trial of said issue, it shall be competent for the plaintiff to show the amount of indebtedness of the garnishee, and the value of the property and effects not surrendered as aforesaid; and upon final judgment being rendered against said garnishee, the plaintiff in attachment shall have execution for the amount of such judgment and costs as at common law. (Act 1799, Cobb, 70. Acts 1855-6, p. 29; 1962, pp. 717, 720).

*8-506. Proceeding when garnishee fails to answer, etc.*—Where any person summoned as garnishee fails to appear and make answer as provided by law, said case shall be in default, and the plaintiff in a justice's court shall be entitled to judgment at the first term. In the superior court, judgment by default shall issue in the same manner as now or hereafter provided by the laws relating to ordinary civil actions. Such judgment shall be rendered against the garnishee in the amount of the judgment obtained against the defendant, or so much thereof as shall remain unpaid at the time judgment is rendered against the garnishee, and the court may continue the case until final judgment is rendered against such defendant. (Act 1823, Cobb, 79; Act 1834, Cobb, 83. Acts 1855-6, p. 29; 1962, pp. 717, 721).

*8-507. How garnishment on attachment dissolved.*—In all cases where garnishment has been issued on an attachment and served as provided by law regulating attachments, the garnishment may be dissolved as if the same had been at common law. (Acts 1869, p. 138).

*8-508. Trial of the issue in justice's court; appeal.*—When the summons of garnishment is returnable to a justice's court, the issue formed upon the traverse as aforesaid shall be tried by the justice of the peace, with the right of appeal

Prior to the filing of briefs by the defendants, counsel for Motor Contract discovered that the proceedings before the Civil and Criminal Court of Clayton County were null and void, because the affidavit required by statute, Ga.Code Ann. § 8–109, was improperly executed. See, Heard v. National Bank of Illinois, 114 Ga. 291, 40 S.E. 266 (1901); Jenkins v. Community Loan & Investment Corp. of Savannah, 120 Ga.App. 543, 171 S.E.2d 654 (1969); Kazakos v. Soteres, 120 Ga.App. 258, 170 S.E.2d 50 (1969). In recognition of this fact, all proceedings before the court in Clayton County were dismissed by Motor Contract. The outstanding temporary restraining order first issued by this court on September 11, 1970, and continued on September 22, 1970, was thereafter dissolved on November 23, 1970, the defendant, Joe B. Mundy, being required to pay over to the plaintiff any funds then on deposit with that court.

At the hearing on November 23, 1970, the court heard oral argument by counsel primarily on the question of mootness. While counsel for the plaintiff concede that his claim for injunctive relief was mooted by Motor Contract's dismissal in the state court, we reserved judgment on whether the dismissal was sufficient to also moot plaintiff's claim for declaratory relief and damages. We are of the opinion that there remains a sufficient controversy in this case worthy of federal court adjudication.

The defendants contend that the state court dismissal of the garnishment proceedings evidences the lack of justiciability persisting in the cause now pending. The argument is made that the court would be acting upon a hypothetical situation which might never recur, since Motor Contract may not, under the above Georgia statutes, refile a similar suit until the circumstances which justified the prior suit present themselves

according to the law governing appeals from justice's courts. (Acts 1855–6, p. 30).

*8–204. Levy on what property.*—When an attachment has been issued by the proper officer, the same may be levied upon the property of the defendant, both real and personal, which may be found in the county. (Acts 1855–6, p. 27).

*8–205. Levy by service of garnishment.*—Service of the attachment by serving process of garnishment shall be as effectual for all purposes as though the attachment had been served by levying the same upon the property of the defendant. (Acts 1855–6, p. 33).

*46–401. Claimants may dissolve garnishment, when; proceedings; bond.*—Whenever any process of garnishment shall be served upon any person, based upon suit, attachment, or judgment, and there shall be money or property of any kind or description in the hands of the garnishee, or any shall come into his hands so as to fall within the operation of the summons of garnishment so served as aforesaid, which is claimed to be the property or money of any person not a party to the proceeding upon which said garnishment shall be based, said claimant may dissolve said garnishment by filing in the clerk's office of the superior court

of the county, or of the city court, or in the office of the justice of the peace, according as said garnishment may be returnable to the superior, city, or justice's court, a bond with good security in twice the amount of the sum claimed upon said suit, attachment, or judgment, to be approved by said clerk or said justice of the peace, conditioned to pay to the plaintiff the sum that may be found to be due to said defendant upon the trial of any issue that may be formed upon the answer of the garnishee, or that may be admitted to be due in said answer, if untraversed. (Acts 1871–2, p. 50).

2. Georgia Code Annotated § 8–101 provides as follows:

*Grounds of attachment.*—Attachments may issue in the following cases:

1. When the debtor resides out of the State.

2. When the debtor is actually removing, or about to remove, without the limits of the county.

3. When the debtor absconds.

4. When the debtor conceals himself.

5. When the debtor resists legal arrest.

6. When the debtor is causing his property to be removed beyond the limits of the State.

anew. In other words, pursuant to Ga. Code Ann. § 8–101,[2] the plaintiff must fall within one of the six statutory exceptions before garnishment in attachment becomes an available remedy.

■■ While we find some merit to these contentions of defendants, we feel the better line of cases support the conclusion that a,

> \* \* \* voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i. e., does not make the case moot. [citations omitted] \* \* \* The case may nevertheless be moot if the defendant can demonstrate that "there is no reasonable expectation that the wrong will be repeated."

United States v. W. T. Grant Co., 345 U.S. 629, 632–633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1952). The defendants, in the instant case, have not sustained their burden by demonstrating to the court that the contested situation may not recur upon the dismissal of this suit. Motor Contract is in no way constrained from commencing another, albeit invalid, garnishment proceeding in the state courts, and thereby freezing the plaintiff's wages until the final determination thereof or the filing of a bond as permitted by the statute. This freedom to "return to the old ways" is what makes the present action retain its justiciability. Therefore, the defendants' argument in favor of dismissal for mootness is hereby denied.

An examination of the pertinent statutes reveals that Georgia recognizes the garnishment in attachment procedure as an exception to the general prohibition against prejudgment garnishment. Ga. Code Ann. § 46–101. The state argues that the six extraordinary circumstances justifying prejudgment garnishment, Ga.Code Ann. §§ 8–101, 8–501, distinguish this case from that before the Court in Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L. Ed.2d 349 (1969), in that the situations contemplated by the statute negate the feasibility of having a prior hearing on the merits. Specifically, as applied to the plaintiff, the contention is made that were he truly "concealing himself", as required by Section 8–101(4), then service of process followed by a hearing would by definition be impossible. Since the debtor's whereabouts would be unknown to the creditor, the statute envisions the only practical manner by which the underlying debt may effectively be satisfied.

The state's reasoning, however, further exemplifies the logical inconsistency inherent within the statutory allowance of garnishment of wages. A creditor seeking to garnish the wages of a defaulting debtor, must know, for the purposes of filing the required affidavit, Ga.Code Ann. §§ 8–109 and 46–102, and the service of summons thereon, Ga.Code Ann. § 8–501, the debtor's place of employment, inasmuch as summons of garnishment is directed to the employer-garnishee. Therefore, in order to garnish wages prior to judgment, the creditor must simultaneously aver that the debtor has "concealed himself" (thereby making service unfeasible), *and* that the debtor is employed and receiving wages at a stated location. There then exists this dichotomy between theory and practice which permits a creditor to freeze a debtor's wages through a patently invalid claim of concealment.

The Court in *Sniadach, supra,* recognized the peculiar nature of wages as a "specialized type of property presenting distinct problems in our economic system." *Id.,* at 340, 89 S.Ct. at 1822. The wage earner whose everyday sustenance depends upon his weekly income is entitled to protection from having that avenue of livelihood unjustifiedly withdrawn. As is well known, those persons most likely to have their wages garnished are not the affluent in our society. Consequently, the available remedy of posting bond for double the amount claimed is as illusory as their ability to pay the comparatively nominal monthly installments. See, Ga.Code Ann. § 46–402.

These alleged exceptional circumstances justifying pre-judgment garnishment simply fail to pass the constitutional test when applied to that form of property classified as wages. By definition, the wage earner has not concealed himself, and, therefore, a subsequent interference with his right to those wages absent a prior opportunity to be heard is plainly violative of his due process rights. *cf.*, Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L. Ed. 1363 (1914); Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

We find no objection to Georgia's statutory scheme of garnishment in attachment when asserted against property other than wages; rather, it is the unusual nature of wages which inevitably forces the impecunious debtor to pay possibly excessive loan charges in order to regain his lost income. Save in truly extraordinary situations, the trend has been to afford the impoverished a pre-termination hearing on the merits when the result otherwise would be to place the now financially incapacitated person in a compromising position and without hope of judicial recourse. *cf.*, Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). If *Sniadach* is to have precedential value to this and other courts, then Georgia's procedure of freezing an alleged debtor's wages without the necessary rudiments of due process cannot stand.

Therefore, to the extent that the final proviso of Georgia Code Ann. § 46–101, *i. e.,*

Provided, further, that nothing in this section shall be construed as abridging the right of garnishment in attachment before judgment is obtained.

authorizes garnishment of wages prior to judgment on the merits, it is hereby declared to be unconstitutional as against the plaintiff and the class he represents. See, Sniadach v. Family Finance Corp., *supra.*

This decision shall have no effect on the merits of the plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983. The plaintiff contends that he has been denied his rights, privileges and immunities secured him by the Constitution and laws of the United States, but inasmuch as that complaint presents claims not properly cognizable by a three-judge court, final disposition thereof is referred to the district judge before whom this action was commenced.