## 58912. ALLMAN v. HARDEE, BAROVICK, KONECKY & BRAUN et al.

BANKE, Judge.

The appellee filed an affidavit of garnishment to collect a judgment allegedly owed by the appellant. The appellant responded by filing a traverse in which he denied that the appellee held a Georgia judgment against him and asked that the proceeding be dismissed. The parties later stipulated that the garnishment affidavit was in fact based on a California judgment which had never been domesticated in Georgia. The trial judge dismissed the traverse, whereupon the appellant filed this appeal. *Held:*

Code Ann. § 46-101 (Ga. L. 1976, pp. 1608, 1609) provides that the process of garnishment is available "[i]n all cases where a money judgment shall have been obtained *in a court of this state. . .*" (Emphasis supplied.) "A summons of garnishment cannot legally issue upon a judgment rendered in a foreign jurisdiction." *Union Inv. Co. v. Southern R. Co.,* 32 Ga. App. 478 (1) (124 SE 77) (1924) (construing the predecessor to § 46-101). Accord, *Columbian Iron Works v. Crystal Springs Bleachery Co.,* 145 Ga. 621 (2) (89 SE 751) (1916). The appellee argues persuasively that a creditor should not be required to file a separate lawsuit to domesticate a foreign judgment as a prerequisite to executing on it. However, since this requirement is created by statute, the appropriate place to address the issue is the legislature rather than the courts. The trial judge erred in overruling and dismissing the appellant's traverse to the garnishment affidavit.

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

ARGUED OCTOBER 31, 1979 — DECIDED NOVEMBER 26, 1979.

*Gus H. Small, Jr., Abraham A. Sharony,* for appellant.

*Bruce W. Callner, W. Terrell Wingfield, Jr., Robert L. Goldstucker,* for appellees.