59508. HUBERT v. CITY OF ACWORTH et al.

SHULMAN, Judge.

This case arises out of plaintiff-appellant's attempt to avail himself of state garnishment proceedings based upon a judgment obtained in the United States District Court for the Northern District of Georgia. Upon consideration of appellees' motion to dismiss, the trial court found that a United States District Court sitting in Georgia was not a "court of this State" within the meaning of Code Ann. § 46-101, so as to allow plaintiff to use the state garnishment proceedings. It is from this judgment that plaintiff appeals. We affirm.

Code Ann. § 46-101 reads as follows: "In all cases where a money judgment shall have been obtained in *a court of this State,* the plaintiff shall be entitled to the process of garnishment." (Emphasis supplied.)

The point of controversy and the sole issue raised on appeal concerns the interpretation of the phrase "a court of this State," specifically whether or not a federal district court sitting in Georgia is "a court of this State."

Based on the interpretation of "a court of this State" in *Henson v. Columbus Bank &c. Co.,* 144 Ga. App. 80 (4) (240 SE2d 284), and the persuasive authority of Diversified Mtg. Investors v. Ga.-Carolina Ind. Park Venture, 463 FSupp. 538 (N.D. Ga. 1978),

we must agree with the trial court that it is not. ". . .[T]he availability of garnishment proceedings under Georgia law is limited to proceedings based on judgments rendered by courts created by the constitution and laws of Georgia. Since the several federal district courts were not so created, the Court holds that under Georgia law as it now stands, no garnishment proceeding is available if it is based on a judgment obtained in a federal district court." Id., p. 539. Cf. *Allman v. Hardee,* 152 Ga. App. 551 (263 SE2d 489).

The trial court properly granted defendants' motion to dismiss. *Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED MARCH 20, 1980.

*J. Don Jones, Richard N. Hubert,* for appellant.
*J. Al Cochran, James R. McGuone,* for appellees.