## 59521. FIXTURES MANUFACTURING CORPORATION v. FIRST GEORGIA BANK et al.

SOGNIER, Judge.

Fixtures Manufacturing Corporation (hereafter Fixtures) sought to enforce a judgment it had obtained against Hillsman Interiors, Inc. on October 31, 1977 in the U. S. District Court for the Northern District of Georgia by garnishing certain funds of Hillsman on deposit in First Georgia Bank. The garnishment was issued by the State Court of Fulton County on March 24, 1978 and served on First Georgia at 9:25 a.m., March 28, 1978. On November 4, 1977 a federal tax lien was filed by the United States in the Superior Court of Fulton County against Hillsman. On November 11, 1977 a writ of execution thereon was issued by the U. S. District Court for the Northern District of Georgia. On April 5, 1978, eight days after the service of Fixtures' summons of garnishment on the bank, a notice of levy on Hillsman was served on the garnishee First Georgia, by the United States, and on the same day pursuant thereto, First Georgia paid the funds on hand to the United States. Thereafter, on May 1, 1978 an answer of "no funds available" was filed in answer to the garnishment of Fixtures. This answer was traversed by Fixtures and the trial judge granted summary judgment in favor of the United States and dismissed First Georgia's third party complaint over against the United States. Fixtures appealed, claiming priority over the United States and error in the granting of the summary judgment. Ordinarily in such a case we would be concerned with priority of the claims. However, the record discloses that Fixtures' garnishment was based on a judgment of the U. S. District Court for the Northern District of Georgia. This court recently held in *Hubert v. City of Acworth,* 154 Ga. App. 101 (267 SE2d 823) (1980) that a U. S. District Court sitting in Georgia is not "a court of this State" under Code Ann. § 46-101, which states: "In all cases where a money judgment shall have been obtained in a *court of this State,* the plaintiff shall be entitled to the process of garnishment." (Emphasis supplied.) Fixtures' summons of garnishment based thereon must fail. We

sustain the lower court's grant of summary judgment.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED MARCH 5, 1980 — DECIDED
JUNE 13, 1980.

*Mary E. Raines, John H. Watson, William K. Carmichael,* for appellant.

*Herbert D. Shellhouse, M. Carr Ferguson, Assistant United States Attorney General, Barbara A. Harris, Gilbert E. Andrews, Assistant United States Attorneys, Donald B. Susswein,* for appellees.