## 66879. CONCERT PROMOTIONS, INC. et al. v. HAAS & DODD, INC.

DEEN, Presiding Judge.

Appellee, Haas and Dodd, Inc., was granted summary judgment on its suit on account against Concert Promotions, Inc. The order was not stamped and filed by the clerk's office until Monday, March 14, 1983. However, shortly after the motion was granted on Friday, appellee filed a garnishment action against Omni Promotions Co., Ltd., and applied for and received an order signed by Judge Langham

authorizing a special process server. The garnishee was served the following Friday (March 18). Defendant Concert Promotions, Inc., traversed the garnishment, contending that it was "untrue and legally insufficient." After the hearing on the traverse, the court entered an order finding that the delay in recording the order granting summary judgment was solely due to the internal operating procedures of the Fulton County State Court, that the parties were on notice of the judgment on the earlier date, and that there was no showing of prejudice to the defendant, and ordered that the affidavit of garnishment reflect a March 14, 1983, filing date. Concert Promotions, Inc., appeals. *Held:*

Garnishment proceedings, like all civil actions, are governed by the pleading and practice provisions of OCGA § 9-11-1 et seq. (Code Ann. § 81A-101) (the Civil Practice Act). OCGA § 18-4-1 (Code Ann. § 46-305). The right to amend pleadings under the Act is very broad. *McRae v. Britton,* 144 Ga. App. 340 (240 SE2d 904) (1977). OCGA § 9-11-15 (a) (Code Ann. § 81A-115). The affidavit filed in a garnishment action is a pleading and can be amended as provided under both the Civil Practice Act and OCGA § 18-4-3 (Code Ann. § 46-602), which provides for amendment at any time before judgment is entered thereon.

The record in the instant case shows that the parties had notice of the underlying judgment, that the garnishment was not served on the garnishee until March 18, that there was no attachment of appellant's property prior to the entry of judgment, and that the court ordered the time for the filing of an answer and other postjudgment matters to run from March 14. By the time the garnishment was served, although it was technically defective because the affidavit was filed prior to the order granting summary judgment, the order on the underlying judgment had actually been filed four days previously. In the absence of harm to any of the parties involved, we find that the assertion of this technicality is without merit and the trial court did not err in permitting the affidavit to be amended to show a March 14 filing date.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED FEBRUARY 2, 1984.

*John Matteson,* for appellants.
*John J. Goger, Jay L. Strongwater,* for appellee.