## A95A2880. HORIZON CREDIT CORPORATION v. LANIER BANK & TRUST COMPANY.
### (469 SE2d 452)

JOHNSON, Judge.

Horizon Credit Corporation obtained a judgment against Randy and Robyn Haney in 1992. In January 1993, Horizon filed a garnishment action against Lanier Bank & Trust Company in order to collect the judgment. In its answer to the garnishment action, Lanier denied owing the Haneys any money but raised no issue concerning the validity of the affidavit filed with the garnishment. In March 1993, the trial court entered an order prohibiting Lanier from paying the Haneys without first satisfying Horizon's judgment against them. In April 1995, two years after the order was entered, Lanier filed a motion to set it aside, arguing that a non-amendable defect appeared on the face of the record in that the affidavit for garnishment upon which the order was based was never signed by a judge or court clerk. The court granted Lanier's motion to set aside the order. We granted Horizon's application for interlocutory appeal.

1. We agree with Horizon that the absence of a judge's or clerk's signature on the affidavit for garnishment does not constitute a non-amendable defect justifying the grant of a motion to set aside a judgment.

OCGA § 9-11-60 (d) (3) provides that a motion to set aside may be brought based upon a non-amendable defect which appears upon the face of the record or pleadings. Where there is a non-amendable defect appearing on the face of the record or pleadings which is not cured by verdict or judgment and the pleadings affirmatively show that no legal claim in fact existed, the judgment is void. *First Baptist Church of Roswell v. King*, 208 Ga. App. 250, 252 (1) (430 SE2d 635) (1993). The presence of an *amendable* defect on the face of the record, however, does not void the action. See *Hobbs v. Arthur*, 264 Ga. 359, 361, n. 2 (444 SE2d 322) (1994). We hold that the absence of the judge's signature on the affidavit for garnishment is an amendable de-

fect and the action, therefore, was not void.

OCGA § 18-4-61 provides that before a summons of garnishment issues, an affidavit containing certain information about the judgment entered against a defendant shall be made with the court and that the affidavit shall first be made and be approved by one of the persons specified in subsections (1) through (5). Lanier and Horizon agree that none of the persons listed signed the affidavit. Such an omission, however, is not fatal to the proceeding.

That an affidavit for garnishment is amendable is supported by clear statutory and case authority. OCGA § 18-4-3 specifically states that "[u]nless otherwise provided in this chapter, any affidavit . . . required or permitted by this chapter shall be amendable at any time before judgment thereon." Furthermore, garnishment proceedings are governed by the pleading and practice provisions of the Civil Practice Act. OCGA § 18-4-1. "OCGA § 9-11-15 (a) allows a party to amend his pleading as a matter of course and without leave of the court at any time before the entry of a pre-trial order." (Citation and punctuation omitted.) *Gober v. Hosp. Auth. &c.*, 191 Ga. App. 498 (1) (382 SE2d 106) (1989). "The affidavit filed in a garnishment action is a pleading and can be amended as provided under both the Civil Practice Act and OCGA § 18-4-3 . . . which provides for amendment at any time before judgment is entered thereon." *Concert Promotions v. Haas & Dodd*, 169 Ga. App. 711, 712 (314 SE2d 720) (1984); see *Ivey v. Ivey*, 170 Ga. App. 226 (1) (316 SE2d 840) (1984). Because there was no non-amendable defect on the face of the record or pleading, the judgment was not void on its face.

The Supreme Court reached a similar result in *Mellon Bank v. Coppage*, 243 Ga. 219 (253 SE2d 202) (1979). In *Mellon Bank*, the Court expressly disapproved of a decision in which the Court of Appeals held that an affidavit which was not sworn before a judge or clerk, despite a statutory provision requiring such, was insufficient and the proceeding therefore absolutely void. Id. The Supreme Court held that the failure to properly verify a petition is an amendable defect and that, therefore, a petition verified by a notary rather than a judge is not void ab initio. Id.

Contrary to Lanier's contention, *Jenkins v. Community Loan &c. Corp. of Savannah*, 120 Ga. App. 543, 544 (171 SE2d 654) (1969), does not require that we reach a different result in this case. In *Jenkins*, this Court held that proceedings wherein the garnishment or attachment affidavits are subscribed to before unauthorized persons are void ab initio and the judgments based thereon are likewise void. As Horizon points out, the division of the *Jenkins* decision upon which Lanier relies cites as authority cases decided before the Civil Practice Act was adopted. As discussed above, the Act governs garnishment proceedings and provides for amendment of pleadings as of right.

OCGA §§ 18-4-1; 9-11-15. "Since the adoption of the Civil Practice Act . . . , the courts of this state have held that the failure to verify is an amendable defect. [Cits.]" *Mellon Bank v. Coppage*, supra, 243 Ga. at 219. *Jenkins* was also decided prior to the 1976 enactment of OCGA § 18-4-3, which expressly permits garnishment affidavits to be amended at any time before judgment. We find it noteworthy that *Jenkins* has not been cited in any published Georgia appellate opinion since its publication 27 years ago. Inasmuch as any defect in the affidavit was amendable, the judgment was not void on its face, and was not susceptible to being set aside pursuant to OCGA § 9-11-60 (d) (3). Therefore, the trial court should have denied the motion to set aside the judgment. See *Sunrise Bonding Co. v. Busbee*, 165 Ga. App. 83, 84 (299 SE2d 153) (1983).

2. Moreover, Lanier waived its right to challenge the validity of the affidavit. Lanier received a copy of the affidavit and summons on January 29, 1993. The absence of the judge's or clerk's signature on the affidavit should have been readily apparent to Lanier at that time, and certainly before the judgment was entered on March 31, 1993. Lanier answered the summons, but asserted no objection to the affidavit's validity in its answer, nor in its motions to dismiss or for summary judgment. "[E]very defense, in law or fact, shall be asserted in the responsive pleading thereto if one is required." (Citations, punctuation and emphasis omitted.) *Burnette v. McCarter*, 211 Ga. App. 781, 782 (1) (440 SE2d 488) (1994). While Lanier could have amended the answer to include this defense at any time before the entry of a pre-trial order, it failed to do so. See OCGA § 9-11-15 (a). "If there was a defect in verification or lack thereof, it was an amendable one, waived by failure timely to object." (Citations and punctuation omitted.) *Crump v. Jordan*, 154 Ga. App. 503 (1) (268 SE2d 787) (1980).

Lanier had a duty to exercise reasonable diligence to discover the defect and the ground for setting aside the judgment. See *Fulton County v. Threatt*, 210 Ga. App. 266, 268 (2) (435 SE2d 672) (1993). A party is precluded from using to set aside a judgment a ground which he had known or could have discovered through reasonable diligence. Id. "An appellant cannot slumber on his rights, lull the opposing party into a false sense of litigative security, and then years later obtain a set aside of a judgment on a ground that should have been discovered through exercise of due diligence and timely appealed." Id.

3. In light of the foregoing, we need not consider Horizon's remaining enumeration of error.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 27, 1996.

*Glass, McCullough, Sherrill & Harrold, William A. DuPre IV, Bisbee, Rickertsen & Herzog, Brad A. Baldwin, Richard B. Herzog, Jr.*, for appellant.
*Powell, Goldstein, Frazer & Murphy, David G. Ross, Sheridan M. Watson, Hamil & Dickinson, R. Timothy Hamil, David L. Dickinson*, for appellee.